IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HERITAGEBANK OF THE SOUTH, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:13cv339-WHA |
| | ) | |
| THE SAVOY GROUP, LLC, etc., et al., | ) | |
| | ) | (wo) |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Remand filed on August 5, 2013 (Doc. #28), and two Motions to Stay Foreclosure (Doc. #31, Doc. #35).

Frontier Bank originally filed a Complaint in this case in the Circuit Court of Tallapoosa County, Alabama.  In state court, the Defendants, Narenda C. Patel and Savoy Group, LLC,[1] brought a counterclaim against Frontier Bank.  The Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for Frontier Bank and was substituted for Frontier Bank in state court.  The FDIC removed the case to this court on the basis of federal question subject matter jurisdiction, pursuant to 12 U.S.C. § 1819(b)(2)(A) and (B).[2]

---

[1] Kishor Patel is also named as a Defendant in this case, but has not made an appearance. The Plaintiff, HeritageBank of the South, states that it intends to move for default judgment as against him.

[2] That statute provides as follows:
(2) Federal court jurisdiction
(A) In general
Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed

HeritageBank became a successor-in-interest to Frontier Bank by asset acquisition from the FDIC.  The Defendants and FDIC subsequently filed a Joint Motion to Dismiss all claims against the FDIC, which was granted by this court.  The Defendants have now moved for remand, stating that there is no federal question jurisdiction because the FDIC is no longer a party.

The Defendants separately moved for a stay of foreclosure of mortgages at issue in this case.  The first motion did not specify a date for foreclosure.[3]  The second motion states that foreclosure was set for September 11, 2013.

For reasons to be discussed, the Motion to Remand is due to be DENIED and the Motions to Stay Foreclosure are due to be DENIED as moot.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or

---

to arise under the laws of the United States.

(B) Removal
Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

[3] In its opposition to the Motion to Stay Foreclosure, the Plaintiff states that on August 20, 2013, it foreclosed on the mortgages which are the subject of the Motion to Stay Foreclosure. (Doc. #34 at p.2).

the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

### III.  DISCUSSION

#### A.  Motion to Remand

As noted, the Defendants have argued that because the FDIC has been dismissed as a party in this action, the basis for federal jurisdiction has been eliminated, and the case is due to be remanded.

After the Motion to Remand was filed in this case, the Eleventh Circuit ruled on this issue as a matter of first impression.  *See Lindley v. Fed. Deposit Ins. Corp.*, No. 12-12015, 12-12290, 12-12292, 12-12297, 12-1299, 12-12359, 2013 WL 4269389, at *10 (11th Cir. Aug. 16, 2013).  In *Lindley* the court held as follows:

> After careful review, we join the Second, Fifth, and Eighth Circuits in concluding that when the FDIC is a party to a civil suit and removes that case to federal court, the District Court has original jurisdiction over claims against non-FDIC defendants, and this jurisdiction is not lost if the FDIC is later dismissed from the case. The language of § 1819(b)(2)(A), the legislative history of FIRREA, other canons of statutory construction, our own precedent, and the weight of persuasive authority from other Circuits all lead us to this interpretation.

*Id.*  Based on this holding, this court concludes that it has original jurisdiction in this case even though the FDIC has been dismissed.   The Motion to Remand is, therefore, due to be DENIED.

#### B.  Motions to Stay Foreclosure

It appears to the court from the dates of the representation made in the brief filed in opposition to the first Motion to Stay Foreclosure, and the date listed in the second Motion to

Stay Foreclosure, that those motions are now moot because the foreclosures have already occurred. The court will, therefore, deny the Motions to Stay Foreclosure, but such denial will be without prejudice to a new motion being filed if the mortgages at issue have not in fact been foreclosed upon at this time.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. #28) is DENIED.

2. The Motions to Stay Foreclosure (Doc. #31, Doc. #35) are DENIED.

DONE this 16th day of September, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE